UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC ABBOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:16-cv-1874 |
| | ) |
| TARGET STORES, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Eric Abbott ("Abbott"), by counsel, and brings this action against Target Stores, Inc. ("Target") for violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA") and shows as follows:

## PARTIES

1. Abbott is an individual who resides in Tippecanoe County, Indiana.

2. During the times relevant to this action, Abbott was employed by Target within the meaning of the ADA.

3. During the times relevant to this action, Abbott was a qualified individual with a disability within the meaning of the ADA.

4. Target is a Minnesota Corporation doing business in Indiana.

5. During the times relevant to this action, Target was Abbott's employer within the meaning of the ADA.

## JURISDICTION AND VENUE

6. This Court properly has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because Plaintiff asserts claims arising under federal law.

7. This Court is a proper venue for this case pursuant to 28 U.S.C. §1391 because Defendant may be found in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADA COVERAGE

8. Defendant is engaged in an industry affecting commerce.

9. Defendant employs in excess of fifteen (15) employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

10. Abbott worked for Target as a "warehouse worker" in Target's Indianapolis distribution center.

11. The primary function of a warehouse worker was to "efficiently and safely handle[] all cartons to ensure productive and accurate processing of merchandise to the store network."

12. In June 2014, Abbott was injured in a workplace accident.

13. As a result of Abbott's workplace injury, he is physically limited.

14. Abbott is substantially impaired in the major life activities including but not limited to lifting, bending, and twisting.

15. Abbott's workplace injury left him with a significant restriction to the normal functioning of his musculoskeletal system.

16. Following his injury, Abbott continued to work until August 5, 2014.

17. After August 5, 2014, Abbott was temporarily totally unable to work until he was released by his physician to return to work with restrictions on or about March 23, 2015.

18. On or about March 23, 2015, Abbott and Target personnel discussed a potential accommodation for Abbott's physical limitations.

19. At the March 23, 2015 meeting, Abbott and Target discussed an accommodation whereby Abbott would run equipment.

20. Abbott was not offered an accommodative position or duties as a result of the March 23, 2015 meeting.

21. Abbott proposed an accommodation to Target that his duties as a warehouse worker be limited to those which he can perform with his physical limitations.

22. Abbott proposed an accommodation to Target that he be able to use Target equipment in a safe but slightly different manner to accommodate his physical limitations.

23. The proposed accommodations would not have been unduly burdensome to Target.

24. The proposed accommodations would have permitted Abbott to continue working with or without a reasonable accommodation.

25. Target refused Abbott's proposed accommodations.

26. Target did not offer a reasonable accommodation on its own.

27. Target did not offer an alternative reasonable accommodation in response to Abbott's proposed accommodation.

28. Instead of accepting Abbott's proposed accommodation or offering another reasonable accommodation, Target informed Abbott of Target's "job opening system" and admonished Abbott to go find a vacant job on his own that would accommodate his physical limitations.

29. Target did not commit significant time and effort to finding Abbott a job.

## COUNT I: FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

30. Target knew Abbott was disabled.

31. Abbott was qualified to perform the duties of a warehouse worker with or without a reasonable accommodation.

32. Target, in violation of the ADA, failed to provide a reasonable accommodation for Abbott's disability.

33. Target's actions were willful, intentional, and/or taken with reckless disregard for Abbott's rights.

34. Abbott has been harmed by Target's unlawful conduct.

## COUNT II: DISCRIMINATION ON THE BASIS OF DISABIILITY

35. Target unlawfully discriminated against Abbott because of his status as an individual with a disability, or because Target regarded him as an individual with a disability.

36. Target's actions were willful, intentional, and/or taken with reckless disregard for Abbott's rights.

37. Abbott has been harmed by Target's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in his favor and provide him with the following relief:

   a. An Order awarding Plaintiff his unpaid wages;

   b. An Order awarding Plaintiff compensatory damages;

   c. An Order reinstating Plaintiff to his position with Defendant;

   d. An Order requiring that Defendant make reasonable accommodation for Plaintiff's disability;

   e. An Order enjoining Defendant from committing future violations of the ADA;

   f. An Order awarding pre- and post-judgment interest at the highest rate allowable by law;

   g. An Order awarding Plaintiff his attorney's fees;

   h. An Order granting such other and further relief as may be necessary and appropriate.

                                        s/Jason R. Ramsland
                                        Jason R. Ramsland (#29443-29)
                                        BALL EGGLESTON, PC
                                        201 Main Street, Suite 810
                                        P.O. Box 1535
                                        Lafayette, Indiana 47902
                                        765.742.9046 (phone)
                                        765.742.1966 (fax)
                                        jramsland@ball-law.com
                                        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff Eric Abbott, by counsel, demands trial by jury on all issues so triable.

                                        s/Jason R. Ramsland
                                        Jason R. Ramsland (#29443-29)
                                        BALL EGGLESTON, PC
                                        201 Main Street, Suite 810
                                        P.O. Box 1535
                                        Lafayette, Indiana 47902
                                        765.742.9046 (phone)
                                        765.742.1966 (fax)
                                        jramsland@ball-law.com
                                        Attorney for Plaintiff